UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEREMY SHELDON,
   Petitioner,

vs.

WARDEN, RICHLAND
CORRECTIONAL INSTITUTION,
   Respondent.

Case No. 1:16-cv-837

Black, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

This *pro se* habeas corpus action brought pursuant to 28 U.S.C. § 2254 is before the Court on petitioner's motion for stay and abeyance, which was filed with petitioner's habeas petition and *in forma pauperis* application when the action commenced on July 13, 2016 in the United States District Court for the Northern District of Ohio. (Doc. 4).[1] Also pending before the Court are petitioner's supplemental motion for stay and abeyance filed on October 18, 2016 and petitioner's motion filed on October 17, 2016 requesting leave to serve interrogatories on respondent's counsel. (Docs. 12, 13). Respondent opposes petitioner's motions. (Doc. 14).

In his motions for stay and abeyance, petitioner requests that the instant action be stayed while he exhausts claims raised in a petition for state post-conviction relief that are currently pending before the Ohio Supreme Court in Case No. 16-1557. (*See* Docs. 4, 13; *see also* Doc. 15, Ex. 37). As respondent has pointed out (*see* Doc. 14, p. 2, at PAGEID#: 393), the state post-conviction petition claims have not been asserted as grounds for relief in the instant action. (*See* Doc. 1). However, as respondent has also recognized (*see* Doc. 14, p. 2, at PAGEID#: 393; Doc.

---

[1] The case was transferred to this Court on August 12, 2016. (Docs. 6-7). On August 19, 2016, the undersigned granted petitioner's motion for leave to proceed *in forma pauperis* and directed the respondent to respond to the petition within 60 days. (*See* Docs. 6-8). Respondent filed a return of writ together with the state-court record on December 8, 2016. (Docs. 15-16).

16, p. 22, at PAGEID#: 1375), petitioner has indicated that he plans to include those claims as additional grounds for relief if the Ohio Supreme Court issues an adverse ruling in the pending state post-conviction appeal and has even actually mentioned those claims as a basis for granting relief in his memorandum in support of his federal habeas petition. (*See* Doc. 4, p. 13, at PAGEID#: 248; *see also* Doc. 1, at PAGEID#: 27-33). Respondent argues that even assuming petitioner intends to include or has included the state post-conviction petition claims as grounds for relief in the instant action, he is not entitled to a stay because "he cannot show good cause for failing to exhaust [the] claims sooner," as required by *Rhines v. Weber*, 544 U.S. 269 (2005). (Doc. 14, p. 5, at PAGEID#: 396).

In *Rhines*, the Supreme Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277-78. However, on the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Here, petitioner has alleged that he was not made aware of "new information" pertinent to the claims raised in his state post-conviction petition until he received an affidavit on February 7, 2016 and the prosecutor's motion to dismiss filed in the state post-conviction proceeding on March 28, 2016. (*See* Doc. 4, p. 8, at PAGEID#: 243). It is, therefore, unclear from the present record whether petitioner may have had good cause for his failure to exhaust. In any event, in

this unique case, where it appears that the appeal pending before the Ohio Supreme Court is ripe for disposition and will be decided soon, it would be beneficial to the Court in adjudicating petitioner's grounds for relief to be able to base its decision on the complete record after petitioner has fully exhausted that one remaining state-court remedy.

Accordingly, it is **RECOMMENDED** that petitioner's motions for stay (Docs. 4, 13) be **GRANTED** and the matter terminated on the Court's active docket. It is **FURTHER RECOMMENDED** that the stay be conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within **thirty (30) days** after a final decision is entered by the Ohio Supreme Court in the pending appeal.

It is also **ORDERED** that petitioner's motion for leave to serve interrogatories on respondent's counsel (Doc. 12) is **DENIED**. "Habeas petitioners have no right to automatic discovery." *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)). Instead, the Court has discretion under Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts to grant discovery based on a showing of "good cause." *See id.*; *see also* Rule 6(a), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Good cause exists "only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Williams,* 380 F.3d at 974 (quoting *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)); *see also Kaeding v. Warden, Lebanon Corr. Inst.,* No. 1:11cv121, 2016 WL 4974918, at *2 (S.D. Ohio Sept. 19, 2016) (Barrett, J.), *appeal filed*, No. 16-4104 (6th Cir. Sept. 27, 2016). "The burden of demonstrating the materiality of the information requested is on the moving party." *Williams*, 380 F.3d at 974 (quoting *Stanford*, 266 F.3d at 460). Furthermore, to the extent petitioner seeks information that

3

neither has been nor will be made part of the state-court record, he faces the hurdle established by the Supreme Court in *Cullen v. Pinholster*, 563 U.S. 170 (2011), prohibiting this Court from considering evidence outside the state-court record in reviewing the merits of any claims for federal habeas relief that were adjudicated by the state courts. *Cf. Campbell v. Warden, London Corr. Inst.*, No. 1:14cv13, 2016 WL 497285, at *2 (S.D. Ohio Feb. 9, 2016) (upholding the denial of a motion for expansion of the record on the ground that *Pinholster* applies to such motions); *see also Moore v. Mitchell*, 708 F.3d 760, 780-84 (6th Cir. 2013) (holding that *Pinholster* prohibits the federal habeas court from considering additional evidence not before the state courts even when the parties jointly agree to expand the record to include the additional evidence). In this case, as respondent has argued in opposing petitioner's motion (*see* Doc. 14, pp. 7-8, at PAGEID#: 398-99), petitioner has not met his burden of showing that the requested discovery could lead to information subject to consideration by this Court or that would entitle him to relief on any of the claims alleged in the instant federal habeas petition.

## IT IS THEREFORE ORDERED THAT:

Petitioner's motion for leave to serve interrogatories (Doc. 12) is **DENIED**.

## IT IS THEREFORE RECOMMENDED THAT:

Petitioner's motions for stay and abeyance of the instant action while he exhausts the claims raised in his state post-conviction petition in the state courts (Docs. 4, 13) be **GRANTED** and the case terminated on this Court's active docket. It is **FURTHER RECOMMENDED** that the stay be conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within **thirty (30) days** after a final decision is entered in the appeal that is currently

pending before the Ohio Supreme Court in Case No. 16-1577.

Date: 1/6/2017

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEREMY SHELDON,
    Petitioner,

vs.

WARDEN, RICHLAND
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:16-cv-837

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc