# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JEREMY SHELDON,

        Petitioner,    :    Case No. 1:16-cv-837

  - vs -                              District Judge Timothy S. Black
                                        Magistrate Judge Michael R. Merz

DAVE MARQUIS, Warden,
  Richland Correctional Institution

                                   :

        Respondent.

# DECISION AND ORDER DENYING MOTION FOR AN EVIDENTIARY HEARING

This habeas corpus case is before the Court on Petitioner's Motion for an Evidentiary Hearing (ECF No. 37). Respondent opposes the Motion (ECF No. 39) and Petitioner has filed a Reply Memorandum in Support (ECF No. 40).

Petitioner asserts he has raised sufficient factual issues to warrant an evidentiary hearing to resolve them, relying on a number of circuit court decisions and ultimately on *Townsend v. Sain*, 372 U.S. 293, 313 (1963), and the Advisory Committee Notes to the adoption of Habeas Rule 8 in 1976.

The case law relied on by Petitioner predates *Cullen v. Pinholster*, 563 U.S. 170 (2011). There the Supreme Court held that a federal court's review of a state court decision under 28 U.S.C. § 2254(d)(1) is strictly limited to "review of the state court record," and that evidence acquired through use of an evidentiary hearing may not be considered. *Id.* at 1399. To the extent

Petitioner presented to the state courts the claims he now presents in habeas , this Court is limited to the record that was before the state courts when they reached a final decision.

It appears to the Court that a claim being made by Petitioner in his Motion for Evidentiary Hearing is that his initial defense attorney, Zach Corbin, provided ineffective assistance of trial counsel by abandoning Sheldon prior to trial. However, nowhere in the ten grounds for relief pleaded in his Petition and Supplemental Petition does Sheldon plead such a claim. A habeas petitioner cannot effectively amend his Petition by raising a claim in a motion for evidentiary hearing. Rather new claims must be presented by way of an amendment under 28 U.S.C. § 2242 and Fed.R.Civ.P. 15.

Nor does it appear to this Court that Sheldon ever presented this claim to the Ohio courts. In his Petition for Post-Conviction Relief, Sheldon said he had two constitutional claims, to wit, that counsel who actually tried the case, Nick Ring and Barbara Moore, provided ineffective assistance of trial counsel, and an asserted *Brady v. Maryland* violation (Petition for Post-Conviction Relief, State Court Record, ECF No. 15, Ex. 17, PageID 539.) Since Sheldon has apparently never presented his Zach Corbin ineffective assistance of trial counsel claim to the state courts, it is procedurally defaulted.

For the foregoing reasons, Petitioner's Motion for Evidentiary Hearing is DENIED. The accompanying request for appointment of counsel is also DENIED.

February 11, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge
