# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JEREMY SHELDON,

                    Petitioner,              :      Case No. 1:16-cv-837

          - vs -                                    District Judge Timothy S. Black
                                                    Magistrate Judge Michael R. Merz

DAVE MARQUIS, Warden,
   Richland Correctional Institution
                                             :
                    Respondent.

---

# REPORT AND RECOMMENDATIONS

---

This habeas corpus case, brought *pro se* by Petitioner Jeremy Sheldon, is before the Court

for decision on the merits upon the Petition (ECF No. 1), the State Court Record (ECF No. 15),

the Return of Writ (ECF No. 16), the Reply (ECF No. 31), the Supplemental Petition (ECF No.

32), the Return to the Supplemental Petition (ECF No. 33), and the Reply to that document (ECF

No. 38).

**Litigation History**

Sheldon was indicted by the Brown County, Ohio, grand jury on five counts of rape of his

minor daughter, M.S., on separate occasions between October 2008 and June 2012 (Indictment,

State Court Record, ECF No. 15, Ex. 1, PageID 406, et seq.).  Sheldon was convicted on all five

counts and sentenced to life imprisonment without the possibility of parole.  He appealed to the

Ohio Courts of Appeals for the Twelfth District which affirmed the conviction and sentence.  *State*

*v. Sheldon,* 12th Dist. Brown No. CA2013-12-018, 2014-Ohio-5488 (Dec. 15, 2014) ("*Sheldon I*"), appellate jurisdiction declined, 142 Ohio St.3d 1453 (2015).

On February 18, 2016, Sheldon filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 (State Court Record, ECF No. 15, Ex. 17, PageID 537, et seq.). The Brown County, Ohio, Court of Common Pleas denied the Petition on March 30, 2016, on grounds it was untimely and "[t]he issues raised by Petitioner are Res Judicata." (Decision, State Court Record ECF No. 15, Ex. 20, PageID 591). Those rulings were upheld on appeal. *State v. Sheldon,* 12th Dist. Brown No. CA2016-04-010, 2016-Ohio-6984 (Sept. 26, 2016) ("*Sheldon II*"), appellate jurisdiction declined, 148 Ohio St. 3d 1427 (2017).

On July20, 2016, Sheldon filed a Petition for Writ of Habeas Corpus in this Court, pleading the following grounds for relief:

> **Ground One**
>
> The child victim's forensic interview was taken for the purpose of use at trial, not for the purpose of a physical examination, and as such violated Appellant's right to confrontation.
>
> **Ground Two**
>
> Appellant was severely prejudiced by the fact that the jury was able to hear the alleged child victim testimony twice, first by way of live testimony in court, and then by way of the forensic interview, contrary to Ohio Rule of Evidence 403(B), and due process of law.
>
> **Ground Three**
>
> Appellant was not afforded the effective assistance of counsel based on defense counsel's failure to object to the State's testimony, failure to cross-examine the doctor effectively or reasonably, and failure to put on any evidence.

(Petition, ECF No. 1, PageID 11, 14, and 17 (capitalization altered)).

On January 23, 2017, the case was stayed pending the outcome of the proceedings then pending in the Supreme Court of Ohio (ECF No. 20). Then in April 2017 Sheldon moved to reinstate the case after that court entered judgment (ECF No. 26). After that Motion was granted in March 2018, Judge Litkovitz granted Sheldon sixty days within which to file a supplemental petition to "address his grounds for relief that were recently exhausted through his post-conviction petition adjudicated in the state court." (ECF No. 30, PageID 1435-36).

Sheldon filed his Supplemental Petition on May 31, 2018 (ECF No. 32), pleading the following grounds for relief:

**Ground I**

The Brown County Common Pleas Court violated Petitioner's Fourteenth Amendment rights to due process and equal protection by not giving him a fair opportunity to respond to the State's Motion to Dismiss his petition for post-conviction relief.

**Ground II**

The Brown County Common Pleas Court denied Sheldon's Fourteenth Amendment right to due process by dismissing his post-conviction petition as untimely when a full year had not yet expired from the effective date of the amendment to the statute of limitations for such petitions.

**Ground III**

[As an alternative to Ground II] The trial court violated Sheldon's Fourteenth Amendment right to due process by not excusing his untimeliness.

**Ground IV**

The trial court violated Sheldon's 14th Amendment right to due process in making blanket and conclusory findings of lack of credibility as to all supporting affidavited [sic] statements.

**Ground V**

The appellate court erred in finding/holding that *res judicata* issue preclusion applied to all of Appellant's PCRP[1] claims.

**Ground VI**

It was constitutional error for the appellate Court to rule . . . that an Ohio PCRP petitioner does not have a federal constitutional right to be represented by an attorney.

**Ground VII**

It was error for the appellate court to refuse to substantively rule on Appellant's argument that the trial court unconstitutionally refused to substantively rule on Appellant's key points made on the M.S. medical file issues, and in refusing to substantively rule on whether trial defense counsel were ineffective.

(ECF No. 32, PageID 1465-66, 1470, 1480, 1484, and 1485).

# Analysis

For ease of analysis, the Grounds for Relief pleaded in the original Petition and in the Supplemental Petition are analyzed separately

**The Direct Appeal Grounds**

**Ground One:  Violation of the Confrontation Clause**

In his First Ground for Relief, Sheldon asserts his right to confront his accusers was violated when the trial court allowed a forensic interview of M.S. to be played to the jury.  His

---

[1] "Post-conviction relief petition."

argument seems to be that the interview was testimonial and taken for purposes of presentation at trial, rather than as a diagnostic interview which might have been argued to be admissible under the exception to the hearsay rule which allows for admission of statements made to medical personnel for purposes of diagnosis.

Respondent defends this Ground on the merits, conceding that the interview was testimonial, but relying on the fact that M.S. testified at trial subject to cross-examination and thereby satisfied the Confrontation Clause (Return, ECF No. 16, PageID 1367-69). Respondent also raises the defense of procedural default.

On direct appeal, Sheldon made his claim that the Mayerson interview should not have been admitted as part of his First Assignment of Error and the Twelfth District decided it as follows:

> {¶ 26} Assignment of Error No. 1:
>
> {¶ 27} IT WAS ERROR FOR THE TRIAL COURT NOT TO GRANT APPELLANT'S MOTION IN LIMINE TO ALLOW THE STATE TO PLAY THE MAYERSON FORENSIC INTERVIEW TO THE JURY FOLLOWING THE CHILD'S TESTIMONY.
>
> {¶ 28} In his first assignment of error, appellant argues that the trial court erred in denying his motion in limine and permitting the state to introduce the forensic interview between M.S. and Power. Appellant contends that use of the video violated his right to confrontation because some of the questions asked during the interview were leading and were not taken for the purpose of a medical examination or diagnosis. In addition, appellant claims the video interview was duplicative of M.S.'s prior testimony and therefore should have been excluded as unfairly prejudicial pursuant to Evid.R. 403.
>
> {¶ 29} At the outset, we note that a motion in limine, if granted, "is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue." *State v. Vore*, 12th Dist. Warren No. CA2011-08-093, 2012-Ohio-2431, ¶ 37, citing *State v. Grubb*, 28 Ohio St.3d 199, 201-202, 28 Ohio B. 285, 503 N.E.2d 142 (1986). A motion in limine is "directed to the

inherent discretion of the trial judge, about an evidentiary issue that is anticipated, but has not yet been presented in full context." *State v. Hensley*, 12th Dist. Warren No. CA2009-11-156, 2010-Ohio-3822, ¶ 29. The trial court's ruling on a motion in limine does not preserve the record on appeal. Instead, "any claimed error regarding a trial court's decision on a motion in limine must be preserved at trial by an objection, proffer, or ruling on the record[.]" *Id.*

{¶ 30} Because appellant failed to object to the admissibility of this evidence at trial, he has waived any error except plain error. *Id.*; Crim.R. 52(B). Plain error exists where there is an obvious deviation from a legal rule which affected the defendant's substantial rights, or influenced the outcome of the proceeding. *State v. Craycraft*, 12th Dist. Clermont Nos. CA2009-02-013 and CA2009-02-014, 2010-Ohio-596, ¶ 23. Notice of plain error is taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *State v. Grisham*, 12th Dist. Warren No. CA2013-12-118, 2014-Ohio-3558, ¶ 38. Therefore, we will not reverse the trial court's decision unless the outcome of trial would have been different but for the alleged error. *State v. Dougherty*, 12th Dist. Preble No. CA2013-12-014, 2014-Ohio-4760, ¶ 53, 21 N.E.3d 329.

{¶ 31} In *State v. Arnold*, 126 Ohio St.3d 290, 2010-Ohio-2742, 933 N.E.2d 775, the Ohio Supreme Court acknowledged the dual role of the social worker in interviewing a child who may be a victim of sexual abuse from both an investigatory and medical perspective. *State v. Gray*, 12th Dist. Butler No. CA2011-09-176, 2012-Ohio-4769, ¶ 43. The social worker's interview must "gather forensic information to investigate and potentially prosecute a defendant for the offense" as well as "elicit information necessary for medical diagnosis and treatment of the victim." *Id.* The Court determined that those statements made to the social worker for the primary purpose of investigation or forensics, unrelated to an ongoing emergency, are testimonial in nature and are prohibited by the Confrontation Clause without a prior opportunity for cross-examination. *Id.* However, the Court went on to state that those statements made during the social worker's interview which are necessary to diagnose and medically treat a victim are nontestimonial in nature and admissible without violating the Confrontation Clause. *Id.*

{¶ 32} Based on our review, we find appellant's argument to be without merit. The trial court did not err in allowing the Mayerson interview. As this court has previously recognized "[w]hen the declarant appears for cross-examination at trial, the Confrontation

Clause places no constraints at all on the use of his prior testimonial statements." *Gray* at ¶ 48, citing *State v. Rucker*, 1st Dist. No. C-110082, 2012-Ohio-185, ¶ 37; and *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, ¶ 113, 954 N.E.2d 596. "The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." *Gray* at ¶ 48; *State v. Simms*, 10th Dist. Franklin No. 10AP-1063, 2012-Ohio-2321, ¶ 42. As previously noted, M.S. testified at trial and was subject to cross-examination on the statements she had made at the Mayerson Center. Thus, any allegedly testimonial statements made by M.S. in her interview with Power did not violate appellant'Ts Confrontational Clause rights because M.S. was available to testify, and did testify, at trial.

\* \* \*

{¶ **36**} Therefore, based on our review, we find that the introduction of the Mayerson video did not violate appellant's Confrontation Clause rights or unfairly prejudice appellant. Accordingly, appellant's first assignment of error is overruled.

*Sheldon I*, 2014-Ohio-5488.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 99-100 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

In this case, the Twelfth District reviewed Sheldon's Confrontation Clause claim for plain error because there had not been an objection during trial to the Mayerson video – trial counsel had not renewed the objection made in the overruled motion in limine. An Ohio state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th

Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle,* 271 F.3d 239 (6th

Cir. 2001), *citing Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000) (plain error review does

not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320 F.3d 604 (6th Cir.

2003).  However, the opinion of a state court on plain error review is still entitled to AEDPA

deference if the federal court reaches the merits despite the procedural default.  *Fleming v. Metrish*,

556 F.3d 520, 532 (6th Cir. 2009); *Kittka v. Franks*, 539 F. App'x 668, 672 (6th Cir. 2013); *Bond

v. McQuiggan*, 506 F. App'x 493, 498 n.2 (6th Cir. 2013); *Stojetz v. Ishee*, No. 2:04-cv-263, 2014

U.S. Dist. LEXIS 137501 *231 (S.D. Ohio Sept. 24, 2014) (Frost, J.).

The Magistrate Judge concludes that Ground One is procedurally defaulted by trial

counsel's failure to make a contemporaneous objection to the Mayerson video.

The procedural default doctrine in habeas corpus is described by the Supreme Court as

follows:

> In all cases in which a state prisoner has defaulted his federal claims
> in state court pursuant to an adequate and independent state
> procedural rule, federal habeas review of the claims is barred unless
> the prisoner can demonstrate cause of the default and actual
> prejudice as a result of the alleged violation of federal law; or
> demonstrate that failure to consider the claims will result in a
> fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406

(6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional rights

claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S.

72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  Absent cause and prejudice, a federal habeas

petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas

corpus review.  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v.

Carrier*, 477 U.S. 478, 485 (1986);  *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

*Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963).

*Coleman*, 501 U.S. at 724.

The United States Court of Appeals for the Sixth Circuit requires a four-part analysis (the

"*Maupin* test") when analyzing a potential procedural default.

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>                         . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent"" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357

(6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).   A habeas petitioner

can overcome a procedural default by showing cause for the default and prejudice from the asserted

error.  *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Ohio's contemporaneous objection rule — that parties must preserve errors for appeal by

calling them to the attention of the trial court at a time when the error could have been avoided or

corrected, set forth in *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see*

*also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998) — is an adequate and independent state ground

of decision. *Wogenstahl v. Mitchell*, 668 F.3d at 335 (6th Cir.  2012), *citing Keith v. Mitchell*, 455

F.3d 662, 673 (6th Cir. 2006);  *accord*:  *Scott v. Mitchell*, 209 F.3d 854,867 (6th Cir. 2000), *citing*

*Engle v. Isaac,* 456 U.S. at 124-29 (1982); *see also Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Seymour*, 224 F.3d at 557 (6th Cir. 2000). As noted above, the Twelfth District enforced the contemporaneous objection rule when it confined its review to plain error.

Sheldon alleges his procedural default on Ground One is excused by his attorney's ineffective assistance in not making the objection. Before a habeas petitioner may rely on an ineffective assistance claim, however, he must first present that claim to the state courts. *Edwards v. Carpenter*, 529 U.S. 446 (2000). Sheldon did so as part of his Third Assignment of Error on direct appeal and the Twelfth District rejected it:

> {¶ 41} Appellant first argues his trial counsel rendered ineffective
> assistance by failing to object to any of the exhibits introduced by
> the state, in particular the Mayerson interview. However, as
> previously noted, the Mayerson interview did not violate appellant's
> Confrontation Clause rights and was not objectionable on the basis
> of Evid.R. 403(B). As such, appellant's argument that his trial
> counsel was ineffective for failing to object to the Mayerson
> interview is without merit and would have been meritless if raised
> by trial counsel. *Vunda*, 2014-Ohio-3449 at ¶ 60 (counsel is not
> deficient for failing to raise a meritless issue).

*Sheldon I*, 2014-Ohio-5488.

As with other state court decisions on federal constitutional issues, this decision is entitled to AEDPA deference: it must be upheld unless it is contrary to or an objectively unreasonable application of clearly established Supreme Court precedent. Here the Twelfth District applied the two-prong analysis required by *Strickland v. Washington*, 466 U.S. 668 (1984), and concluded it cannot be deficient performance to fail to raise a claim without merit.

Alternatively, Ground One is without merit on the basis found by the Twelfth District: M.S., the declarant in the Mayerson video, was available for cross-examination at trial and was in fact cross-examined. Sheldon argues that she could not have been cross-examined about the video

because it was introduced after she had testified and been excused as a witness. Indeed, he claims she could only have been cross-examined if she had been recalled as a defense witness (Reply, ECF No. 31, PageID 1445). This ignores the fact that the video was well-known to defense because it was the subject of the motion *in limine* and defense counsel could readily have extracted cross-examination material from it, assuming this would have been good trial strategy.

In his Reply, Sheldon shifts ground from what he calls a "cabined" Confrontation Clause claim to assert that the forensic interview should have been excluded as hearsay and his trial attorney was ineffective for failing to object to it on that basis (ECF No. 31, PageID 1439). In fact, he asserts that "Respondent can be fairly said . . . to agree with Sheldon's contention that a confrontation clause objection . . . incorporated an assertion that the out-of-court statement was hearsay." *Id.* at PageID 1440.

Construed as a hearsay claim, Sheldon's Ground One is also procedurally defaulted. First of all, his trial attorney made no contemporaneous hearsay objection. Second, no hearsay claim was fairly presented to the Twelfth District, either as a straight Ohio evidence law question or as part of what Petitioner might call an "uncabined" Confrontation Clause claim. Third, the hearsay rule is not a matter of federal constitutional law and its violation therefore would not be cognizable in habeas corpus. Fourth, Sheldon did not plead any "constitutional hearsay" claim as part of his Petition and cannot effectively amend the Petition by including a new argument in his Reply. Claims raised for the first time in a traverse or reply are not properly before a district court. *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005); see also *Jaloweic v. Bradshaw*, 657 F.3d 293, 312 (6th Cir, 2011); *Murphy v. Ohio*, 551 F.3d 485, 502 (6th Cir. 2009).

Based on the foregoing analysis, Ground One should be dismissed with prejudice.

**Ground Two:  Prejudice by Repeated Testimony**

In his Second Ground for Relief, Sheldon argues he was "severely prejudiced by the fact that the jury was able to hear the alleged child victim testimony twice, first by way of live testimony in court, and then by way of the forensic interview[.]"  (Petition, ECF No. 1, PageID 14 (capitalization altered)).   Respondent defends on the merits and also asserts the claim is procedurally defaulted.  Sheld does not discuss Ground Two in his Reply.

Sheldon raised this claim in the Twelfth District, asserting that the trial court should have excluded the Mayerson video as "repetitive, cumulative, and prejudicial and should have been excluded under Evid. R. 403(B)[.]"  *Sheldon I*, 2014-Ohio-5488, at ¶ 33.  The Twelfth District overruled the claim, holding:

> **{¶ 34}** All relevant evidence is admissible, unless otherwise excluded by law. Evid.R. 402. Evid.R. 403(A) requires relevant evidence to be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 403(A). For evidence to be excluded on this basis, "the probative value must be minimal and the prejudice great." *Birt*, 2013-Ohio-1379 at ¶ 55, 5 N.E.3d 1000. Moreover, unfavorable evidence is not equivalent to unfairly prejudicial evidence. *Id*. The trial court also has the discretion to exclude otherwise admissible evidence, if the probative value is substantially outweighed by "needless presentation of cumulative evidence." *State v. Blake*, 12th Dist. Butler No. CA2011-07-130, 2012-Ohio-3124, ¶ 39, 974 N.E.2d 730; Evid.R. 403(B).

> **{¶ 35}** Based on our review, we find no error in the admissibility of this evidence. While it is true that M.S. had previously testified about the instances of sexual abuse perpetrated by appellant, this court has previously noted that cumulative evidence is not necessarily inadmissible. *Hensley*, 2010-Ohio-3822 at ¶ 22-23; *State v. Dille*, 5th Dist. Morgan No. 03 CA 003, 2004-Ohio-6367, ¶ 15. Moreover, because appellant's trial counsel failed to object to this testimony at trial appellant has failed to show that the admission of this evidence amounted to plain error. As previously discussed, the jury heard ample evidence of appellant's guilt, including the victim's

> own testimony, as well as the testimony of medical personnel at the Mayerson Center who investigated the allegations of sexual abuse. Accordingly, the Mayerson video, even if believed to be cumulative, was of such a nature, we find any alleged error did not affect appellant's substantial rights or create unfair prejudice and amounts to, at worst, harmless error. Crim. R. 52(A); *Hensley* at ¶ 23.

Thus, the Twelfth District enforced the contemporaneous objection rule but also held the claim had no merit under Ohio evidence law. For the reasons given above as to Ground One, the Magistrate Judge concludes Ground Two is also procedurally defaulted by the lack of contemporaneous objection and by the failure fairly to present it to the state courts as a federal constitutional claim.

Moreover, Sheldon's claim is of doubtful cognizability in habeas corpus. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Barclay v. Florida,* 463 U.S. 939 (1983); *Smith v. Phillips*, 455 U.S. 209 (1982). Evidentiary questions generally do not rise to the constitutional level unless the error was so prejudicial as to deprive a defendant of a fair trial. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988); *Walker v. Engle,* 703 F.2d 959, 962-63 (6th Cir. 1983), *superseded on other grounds by* 28 U.S.C. § 2254; *Bell v. Arn,* 536 F.2d 123 (6th Cir., 1976); *Burks v. Egeler*, 512 F.2d 221, 223 (6th Cir. 1975).

Based on this analysis, Ground Two should be dismissed.

**Ground Three: Ineffective Assistance of Trial Counsel**

In his Third Ground for Relief, Sheldon claims his trial attorneys provided ineffective assistance in three respects: (1) failure to object to the State's testimony, (2) failure to cross-

examine the doctor effectively or reasonably, (3) and failure to put on any evidence (Petition, ECF

No. 1, PageID 17).  Insofar as sub-claim one relates to the Mayerson video, it is dealt with under

Ground One above.  As to the balance of sub-claim one and the other two sub-claims, the Twelfth

District decided those claims as follows:

> {¶ **42**} Appellant next argues his trial counsel rendered ineffective assistance by failing to cross-examine Dr. Shapiro about the results of the physical examination of the child, which came back normal. In addition, appellant claims that trial counsel should have called an expert witness to testify about the normal findings. However, based on our review, we disagree with appellant's suggestion that trial counsel did not cross-examine Dr. Shapiro about the results of the physical exam as the record plainly rebuts that assertion.

> {¶ **43**} Moreover, as this court has stated previously, trial counsel's decision to engage, or not engage, in a particular line of questioning is presumed to be the product of sound trial strategy. *State v. Davis*, 12th Dist. Butler No. CA2012–12–258, 2013–Ohio–3878, ¶ 25. Additionally, not hiring a separate expert, and, instead, relying upon the cross-examination of a state's expert to rebut evidence of a crime is a legitimate trial strategy. *State v. Setty,* 12th Dist. Clermont Nos. CA2013–06–049 and CA2013–06–050, 2014–Ohio–2340, ¶ 62. "[S]uch a decision by trial counsel is unquestionably tactical because such an expert might uncover evidence that further inculpates the defendant" or render an opinion that substantiates and corroborates the findings of the state's expert. Id.

> {¶ **44**} Next, appellant argues that counsel was ineffective for failing to argue the inconsistencies in the victim's accounts of the various events at closing. Again, this assertion is incorrect as the record reflects that trial counsel did argue that the victim was inconsistent and could not remember specific details. The specific inconsistencies cited in appellant's brief, including the fact that the victim could not recall where her younger sister was at the time of the alleged abuse, amount to minor details, which clearly falls within the ambit of trial strategy. See, e.g., *State v. Wisby*, 12th Dist. Clermont No. CA2012–06–049, 2013–Ohio–1307, ¶ 49 ("[t]he way defense counsel chooses to conduct closing argument is a matter of trial strategy, and cannot be discredited simply because of a guilty verdict"). To belabor all the alleged inconsistencies regarding minor details of each instance of sexual abuse committed against a young victim could very well have alienated the jury.

> {¶ 45} Based on our review of the entire record, we find that counsel
> was not ineffective. The record plainly indicates that appellant's trial
> counsel did fully investigate this case and zealously represent
> appellant in this matter. Appellant was not convicted based on
> ineffective assistance of counsel, but instead appellant's conviction
> was based on the overwhelming evidence presented at trial.
> Accordingly, appellant's third assignment of error is overruled.

*Sheldon I*, 2014-Ohio-5488.

Respondent defends these sub-claims on the merits, asserting in the original Return of Writ that the Twelfth District's decision is not an objectively unreasonable application of *Strickland, supra* (ECF No. 16, PageID 1375).

Sheldon's Reply discusses only the ineffective assistance of trial counsel sub-claim relating to admission of the Mayerson video (ECF No. 31, PageID 1446). He asserts that "where an issue is not preserved under state evidentiary law, a federal court makes an independent <u>federal-law based</u> review for plain error. *Id*. (emphasis in original), citing *Roe v. Baker,* 316 F.3d 557 (6th Cir. 2002). Roe was an Ohio capital case. The issue on appeal was whether the "prosecutor's arguments at the mitigation hearing deprived him of a fair sentencing hearing because those comments improperly denigrated the entire notion of a mitigation hearing, and, were arguments as to evidence of mitigating factors not presented by Roe." 316 F.3d at 564-65. The Sixth Circuit upheld the Supreme Court of Ohio and this Court's holding that the issue was not preserved and therefore the federal court of appeals would review the district court's decision for plain error. *Id.* Roe does not authorize a federal district court in habeas to ignore procedural default of a claim in the state courts, which is what happened here with the claim that it was unconstitutional ineffective assistance of trial counsel to fail to make a hearsay objection to the Mayerson video.

On the basis of this analysis, Ground Three should also be dismissed with prejudice.

**The Post-Conviction Petition Grounds**


Almost two years passed between the filing of the Petition in July 2016 and the filing of

the Supplemental Petition in June 2018 (ECF Nos. 1, 32). Although Sheldon pleaded claims raised

in the post-conviction petition in his original Petition, he made no substantive response to

Respondent's arguments about those claims in his Reply, understanding Magistrate Judge

Litkovitz's recommendation for a stay to mean those claims had not "been actually asserted in the

original Position (*sic*) . . ." (ECF No. 31, PageID 1452). In a lengthy footnote he explained how

he had adverted to those claims in the original Petition. *Id*. at n.1). Therefore, this Report quotes

the Post-Conviction Claims as they are pleaded in the Supplemental Petition and will analyze them

on that basis. They are referred to hereinafter as the "PCRP" grounds for relief.


**Ground I: No Opportunity to Respond to the Motion to Dismiss**


In his First PCRP Ground for Relief, Sheldon claims the Brown County Common Pleas

Court violated his Fourteenth Amendment rights to due process and equal protection by not giving

him a fair opportunity to respond to the State's Motion to Dismiss his petition for post-conviction

relief (ECF No. 32, PageID 1465). Sheldon presented this claim to the Twelfth District Court of

Appeals as his First Assignment of Error on appeal from denial of his post-conviction petition and

the court decided it as follows:

> {¶ 12} In his first assignment of error, Sheldon argues the trial court
> erred by issuing its decision summarily denying his petition without
> first allowing him to file a reply to the state's motion to dismiss.
> However, nothing within Ohio's postconviction relief statute, R.C.
> 2953.21, specifies that a petitioner shall "be given an opportunity to
> reply to any motion filed on behalf of the respondent." *State v.*

> *Caldero*, 8th Dist. Cuyahoga No. 83729, 2004-Ohio-2337, ¶ 5.
> Rather, as this court has stated previously, "a trial court may dismiss
> a [petition for posconviction relief] without affording the defendant
> an opportunity to file any supplemental or responsive pleading
> where the petition fails to set forth any substantive ground upon
> which relief can be granted." *In re J.B.*, 12th Dist. Butler Nos.
> CA2005-06-176, CA2005-07-193, and CA2005-08-377, 2006-
> Ohio-2715, ¶ 48. Therefore, the trial court did not err by taking
> action on Sheldon's petition without first allowing him to file a reply
> to the state's motion to dismiss. Accordingly, Sheldon's first
> assignment of error is without merit and overruled.

*Sheldon II*, 2016-Ohio-6984.

Respondent argues that to the extent this claim is presented as a claim of state court error

at either the trial or appellate level, it is not cognizable in habeas corpus (Supp. Return of Writ,

ECF No. 33, PageID 1501). On the other hand, to the extent Sheldon is claiming that the process

used by the state courts in adjudicating his post-conviction claims deprived him of due process or

equal protection, Respondent also argues the claim is not cognizable in habeas because it attacks

the collateral process and not the underlying conviction. *Id.* at PageID 1501-02.

In his Reply to the Supplemental Return of Writ, Sheldon says Respondent misunderstands

Sheldon's "ground." Instead,

> Sheldon is not making any claim for substantive relief to this habeas
> Court in his memorandum ground I for relief from the non-
> consideration by the trial court of the response to the State's motion
> to dismiss the PCRP action . . . Sheldon merely asks this Court . . .
> for full de novo consideration of the substantive points he raised
> about Zachary Alan Corbin's abandonment of Sheldon's defense . .
> .

(ECF No. 38, PageID 1546.)

As the Magistrate Judge understands Sheldon's position, then, he wants substantive de

novo consideration by this Court of the constitutional grounds for relief he raised in his post-

conviction petition. However, he never pleaded those claims in his Supplemental Petition. In

granting Sheldon time to file after exhaustion, Magistrate Judge Litkovitz specifically ordered:

"The supplemental petition should only address his grounds for relief that were recently exhausted through his post-conviction petition adjudicated in the state courts." (Order, ECF No. 30, PageID 1435-36). Despite that express order, Sheldon did not plead in his Supplemental Petition the grounds he had just exhausted. Instead, labeling them "Grounds I through VII," Sheldon pleaded seven arguments about how the state court collateral process itself deprived him of constitutional rights. Therefore, Sheldon's constitutional grounds for relief are not properly pleaded in his Supplemental Petition.

If Sheldon were to move to amend his Supplemental Petition to re-state these claims, the Magistrate Judge would deny the motion. Per 28 U.S.C. § 2242, motions to amend a habeas petition are to be considered under Fed.R.Civ.P. 15. The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997) (citing *Foman* standard).

In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.*, 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d

1536, 1551 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887, 895 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Dev. Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013) (Rose, J.); *William F. Shea, LLC v. Bonutti Reseach Inc.*, No. 2:10-cv-615, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio Mar. 31, 2011) (Frost, J.).

A motion to amend to add these post-conviction petition substantive claims would be futile because they are procedurally defaulted. As the Twelfth District found as a matter of fact, Sheldon filed his petition under Ohio Revised Code § 2953.21 on February 18, 2016, 651 days after the trial transcript was filed in the court of appeals on direct appeal on May 8, 2014, the trigger for starting the statute of limitations on such claims. *Sheldon II*, 2016-Ohio-6894, at ¶ 15. At the time the statute began to run, Sheldon had 180 days to file under Ohio Revised Code § 2953.21 or until November 14, 2014. The statute of limitations was amended to 365 days on March 23, 2015. Under the new statute of limitations Sheldon had until May 8, 2015, to file. *Id.* at n.1. Thus, although Sheldon's time to file had expired under the old statute, the new statute "resurrected" his right to file for forty-six days. Yet, Sheldon did not file until more than nine months later, "rendering it, at best, 286 days late." *Id.*

Sheldon's theory is that he had a year from the date of amendment of the statute to file, but he offers no reasonable explanation for interpreting the amendment in that way. If that had been the intention of the General Assembly – to reopen the statute for a year – the statute could easily have been amended to so reflect. In any event, this Court is bound by the interpretation of the Twelfth District that the meaning of the amendment was to extend the time, rather than reopen it, except for those persons who were between 180 and 365 days post-transcript filing at the effective

date.

Applying the four-step analysis from *Maupin, supra*, the Court finds Ohio has a relevant procedural rule – the statute of limitations on post-conviction petitions – and that rule was enforced against Sheldon. The rule is plainly adequate as it protects the State's interest in finality of criminal convictions, and it is independent of federal law.

Sheldon also has not shown cause and prejudice to excuse his untimely filing. He had a right to be advised by his direct appeal counsel of the required filing date. *Gunner v. Welch*, 749 F.3d 511, 515 (6th Cir. 2014). But he has never exhausted a claim of ineffective assistance of appellate counsel by filing an application to reopen his direct appeal under Ohio R. App. P. 26(B). For the above reasons, Ground I must be dismissed.

**Grounds II through VII**

"Grounds" II through VII as pleaded in the Supplemental Petition suffer from the same defect as Ground I: they attack the collateral process rather than the underlying conviction. As such they are not cognizable in habeas corpus. *Kirby v. Dutton,* 794 F.2d 245 (6th Cir. 1986).

The substantive claims Sheldon exhausted in the post-conviction process are not pleaded in his Supplemental Petition. If he moved to amend to add them, the Magistrate Judge would deny the motion because they are barred by his procedural default in presenting them to the state courts.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition and

Supplemental Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

February 13, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).