# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JEREMY SHELDON,

        Petitioner,    :    Case No. 1:16-cv-837

- vs -    District Judge Timothy S. Black
    Magistrate Judge Michael R. Merz

DAVE MARQUIS, Warden,
  Richland Correctional Institution

    :

        Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on District Judge Black's Recommittal Order (ECF No. 49) on Petitioner's Objections (ECF No. 48) to the Magistrate Judge's Decision and Order Denying Motion for Evidentiary hearing (ECF No. 44), and on Petitioner's Objections (ECF No. 52) to the Magistrate Judge's Report and Recommendations on the merits (ECF No. 45).

**The Motion for Evidentiary Hearing**

**Order as Opposed to Report and Recommendation on Motion for an Evidentiary Hearing**

Petitioner's first set of Objections relates to the Magistrate Judge's Decision and Order denying Petitioner's Motion for an Evidentiary Hearing (ECF No. 37). The Decision was based on (1) the bar in *Cullen v. Pinholster*, 563 U.S. 170 (2011), to habeas court consideration of

1

evidence beyond the state court record when deciding if the state courts had erred in deciding a petitioner's claims, and (2) the fact that Petitioner's claim of ineffective assistance of trial counsel regarding attorney Zach Corbin, on which he wanted to present evidence, was not pleaded in the Petition.

Petitioner first objects that the Magistrate Judge lacks authority to rule on a motion for evidentiary hearing, but must instead issue a report and recommendations (Objections, ECF No. 48, PageID 1644, relying on a quotation from the 1976 Advisory Committee Notes to Habeas Rule 8). However, what governs Magistrate Judge authority is the text of the statute adopted by Congress and case law interpretations of that statute. 28 U.S.C. § 636(b)(1)(A) empowers District Judges to designate Magistrate Judges "to hear and determine any pretrial matter pending before the court" with certain enumerated exceptions. Section 636(b)(1)(B) authorizes District Judges to designate Magistrate Judges to conduct evidentiary hearings. Fed.R.Civ.P. 72(a) speaks of the reference to Magistrate Judges of pretrial matters that are "not dispositive of a party's claim or defense." So far as the undersigned is aware, neither the Sixth Circuit nor any District Court in the Sixth Circuit has ever held that a motion for an evidentiary hearing is dispositive of a claim. S. D. Ohio Civ. R. 72.1 authorizes the Magistrate Judges in this District to perform any of the duties set forth in 28 U.S.C. § 636. Rule 72.2 provides that District Judges may by individual or general order refer matters to Magistrate Judges. Finally General Order Day 13-01 specifically refers post-conviction collateral attack matters to the undersigned.

In sum, because a decision on whether to hold an evidentiary hearing in a habeas corpus case is not dispositive of a claim of a party, it is within the decisional authority of a Magistrate Judge in the first instance, subject always to objections to be decided by the assigned District Judge.

**Scope of the bar of *Cullen v. Pinholster***

The Magistrate Judge denied an evidentiary hearing in part on the basis of *Cullen v. Pinholster,* 563 U.S. 170 (2011). Sheldon objects that *Pinholster* only applies to bar evidentiary hearings where the state courts decided an issue on the merits and the question is whether that decision is entitled to deference under 28 U.S.C. § 2254(d)(1). Because the state courts did not decide his Zach Corbin conflict of interest/prosecutorial misconduct claims on the merits, he contends he is entitled to present evidence on them here.

However, a habeas petitioner cannot use a motion for evidentiary hearing to introduce evidence on a claim which is procedurally defaulted by complete failure to present it to the state courts. Corbin removed himself from representing Sheldon in November 2012, shortly before becoming an assistant county prosecutor for Brown County. Any claims Sheldon had about ineffective assistance of trial counsel before that were clearly available on direct appeal, were never made in that proceeding, and are therefore barred by *res judicata.* Any claim that Zach Corbin violated his obligation of loyalty to Sheldon by disclosing confidential information to the Brown County Prosecutor is rebutted by the record and, in any event, is not a claim made either in the state courts or the Petition or Supplemental Petition. A habeas petition cannot be amended by moving for an evidentiary hearing.

**Objections to the Report and Recommendations**

The Report and Recommendations (the "Report," ECF No. 45) deals separately with the three grounds for relief pleaded in the original Petition in July 2016 and the seven grounds for

relief added by the Supplemental Petition in May 2018. The following analysis refers to them separately as "Direct Appeal Grounds" and "Supplemental Grounds."

**The Direct Appeal Grounds**

**Ground One: Violation of the Confrontation Clause**

In his First Direct Appeal Ground for Relief, Sheldon asserted his rights under the Confrontation Clause were violated when the trial judge permitted a forensic interview of the victim to be played to the jury. The Twelfth District Court of Appeals overruled the relevant assignment of error because (1) the victim had testified live and been subject to cross-examination and (2) trial counsel had not objected, thereby waiving all but plain error *State v. Sheldon,* No. CA2013-12-018, 2014-Ohio-5488 (12th Dist. Brown Dec. 15, 2014) ("*Sheldon I*"), appellate jurisdiction declined, 142 Ohio St.3d 1453 (2015). The Report found this Ground for Relief procedurally defaulted for the lack of a contemporaneous objection and without merit because the Twelfth District's decision was not an objectively unreasonable application of relevant Supreme Court precedent.

Sheldon objects that the victim was excused and not present on the second day of trial,[1] so she could not be cross-examined on the "new" evidence included in the videotape of the forensic interview. That objection is unavailing because there is no indication defense counsel objected to her being excused and no indication they could not have examined her when she was present, since they knew the content of the video. Sheldon claims the motion in limine to exclude the video was sufficient contemporaneous objection, but Ohio law requires objections made in motions in limine

---

[1] Sheldon gives no record reference to substantiate this claim.

to be renewed at trial. The Twelfth District reiterated this law in *Sheldon I* at ¶ 29, citing precedent from its own prior cases and from the Supreme Court of Ohio.

**Ground Two: Prejudice by Repeated Testimony**

In his Second Direct Appeal Ground for Relief, Sheldon claims he was prejudiced by the jury's hearing the victim's allegations twice, once in her direct testimony and once from the forensic interview. He raised this claim on direct appeal as a claim of violation of Ohio R. Evid. 403(B). The Twelfth District found no prejudice and lack of a contemporaneous objection. The Report found procedural default from the lack of objection and further that a claim of evidentiary error was not cognizable.

Sheldon repeats that the contemporaneous objection rule was satisfied by the motion in limine, but as held by the Twelfth District, this is contrary to Ohio law.

**Ground Three: Ineffective Assistance of Trial Counsel**

In his Third Direct Appeal Ground for Relief, Sheldon asserts his trial attorneys provided ineffective assistance of trial counsel in three respects. The Report recommended that all three sub-claims be dismissed. Sheldon objects only as to sub-claim one, failure to contemporaneously object to the forensic interview (Objections, ECF No. 52, PageID 1682).

When this claim was raised on direct appeal, the Twelfth District applied the correct constitutional standard under *Strickland v. Washington,* 466 U.S. 668 (1984), and found there was no prejudice because an objection would not have been well-taken: the forensic interview did not

5

violate the Confrontation Clause because the victim was cross-examined. This state court decision on the merits of sub-claim one is entitled to deference under 28 U.S.C. § 2254(d)(1) because it is not an objectively unreasonable application of *Strickland*.

**Supplemental Grounds**

Sheldon filed his Supplemental Petition May 31, 2018, pleading seven Grounds for Relief as follows:

> **Ground I**
>
> The Brown County Common Pleas Court violated Petitioner's Fourteenth Amendment rights to due process and equal protection by not giving him a fair opportunity to respond to the State's Motion to Dismiss his petition for post-conviction relief.
>
> **Ground II**
>
> The Brown County Common Pleas Court denied Sheldon's Fourteenth Amendment right to due process by dismissing his postconviction petition as untimely when a full year had not yet expired from the effective date of the amendment to the statute of limitations for such petitions.
>
> **Ground III**
>
> [As an alternative to Ground II] The trial court violated Sheldon's Fourteenth Amendment right to due process by not excusing his untimeliness.
>
> **Ground IV**
>
> The trial court violated Sheldon's 14th Amendment right to due process in making blanket and conclusory findings of lack of credibility as to all supporting affidavited [sic] statements.

### Ground V

The appellate court erred in finding/holding that res judicata issue preclusion applied to all of Appellant's PCRP1 claims.

### Ground VI

It was constitutional error for the appellate Court to rule . . . that an Ohio PCRP petitioner does not have a federal constitutional right to be represented by an attorney.

### Ground VII

It was error for the appellate court to refuse to substantively rule on Appellant's argument that the trial court unconstitutionally refused to substantively rule on Appellant's key points made on the M.S. medical file issues, and in refusing to substantively rule on whether trial defense counsel were ineffective.

(ECF No. 32, PageID 1465-66, 1470, 1480, 1484, and 1485).

The Report found that Magistrate Judge Litkovitz had granted Sheldon permission to address in the Supplemental Petition only "his grounds for relief that were recently exhausted through his post-conviction petition adjudicated in the state courts." (Report, ECF No. 45, quoting Order, ECF No. 30, PageID 1435-36.) Instead, Sheldon had pleaded Grounds I through VII which are arguments about unconstitutional aspects of the state collateral process, rather than substantive grounds for relief. *Id.* The Report concluded that all seven of the Grounds pleaded in the Supplemental Petition were not cognizable in habeas because they attack the collateral process (Report, ECF No. 45, PageID 1635, relying on *Kirby v. Dutton*, 794 F.2d 245 (6th Cir. 1986)).

The Objections purport to address only Grounds IV through VII (See ECF No. 52, PageID 1683). Sheldon then criticizes the Report "because it omits to address the Supp. Petition claims as argued in Petitioner's previously filed Doc. 44, Objections to the Magistrate's Decision and Order, because it reflects a fallacious reading of the Supp. Petition and with more particularly."

The prior set of Objections (ECF No. 48) is dealt with in the first three pages of this

Supplemental Report. Those Objections are extraordinarily abstruse. For example, footnote 1 at PageID 1647 reads as follows:

> A factual development alters a "claim" (alleged to have been previously made) to create a new "claim" where "the gravamen of the petitioner's argument is different." *Franklin v. Jenkins*, 839 F.3d 465 (6th Cir. 2016), at HN7. A habeas "claim" can thusly be stated to comprise three parts: the constitutional "heading" for the claim; its factual development; and particularized argument thereupon. Picking just the first, a "heading" which can apply to numerous sets of fact [sic] and numerous differentiated argument [sic] failing to listen to a factual development or argument or, even worse, mischaracterizing any one of the three, to manipulate a procedural bar to a claim does a disservice to our Constitution, to the right of habeas corpus contained in its text, and to the forward motion of both found in the continuing use of the term "claim" in the AEDPA, despite the current interpretation of its overall thrust. "Due process means listing [sic] to both sides." Supreme Court nominee (now Justice) Bret [sic] Kavanaugh, testimony before the U.S. Senate Judiciary Committee on his nomination, October, 2018.

The reader will find the language of this footnote consistent with much "legalese" used throughout the Objections to denial of an evidentiary hearing. This is perhaps accounted for by the change in writers between that set of Objections and the Objections to the Report on the merits: Sheldon reports that from August 2014 through the filing of Doc. No. 48, "I had the assistance of a jailhouse lawyer who graduated from Harvard [L]aw-[S]chool known as John Cody, a.k.a. Bobby Thompson." (Affidavit of Jeremy Sheldon, ECF No. 52, PageID 1690-91.) Cody has been transferred to Mansfield Correctional and Sheldon has subsequently relied on assistance from inmate Shawn Thomas. *Id.*

The Magistrate Judge has been able to confirm that Harvard Law School conferred a J.D. degree on John Cody in 1972.[2] This probably explains the confusing and tangled language of ECF

---

[2] Harvard Law School Alumni Directory, 2017 Bicentennial edition, at 173. The Director lists Cody's address as unknown.

No. 48. But Mr. Cody's academic credentials add nothing to the argument and if Sheldon is attempting to blame the unpersuasiveness of the Objections on Cody, that argument is also unavailing. Criminal defendant is not entitled by the Sixth Amendment to the effective assistance of counsel in habeas and therefore cannot excuse defects in his pleadings by pointing at a lawyer whom he chose. This excursus on Mr. Cody is occasioned by Sheldon's having filed an Affidavit about his legal assistance and by his claiming that the District Judge should treat any procedural default as "excused at law." (ECF No. 52, PageID 1688.)

The Report concluded that all the grounds for relief in Sheldon's post-conviction petition, even if they had been properly pleaded here in the Supplemental Petition, were barred by Sheldon's procedural default in presenting them to the state courts. That is, his filing of the post-conviction petition was grossly untimely and the state courts held that default against him, satisfying the requirements of *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), for an enforceable procedural default (Report, ECF No. 45, PageID 1635).

**Conclusion**

Having reconsidered both the Motion for Evidentiary Hearing and the merits of the case, the Magistrate Judge finds both sets of Objections are without merit and again recommends that this case be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 2, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).